**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LALBHAI PATEL and | ) | |
| BEENA HAIR SALON, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| STAC BIZNESS SOLUTIONS LLC and | ) | |
| SHAWNA AHO | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Stac Bizness Solutions LLC and Shawna Aho by and through their attorneys, Paige M. Neel, Kimbley A. Kearney and Clausen Miller PC, and for their Notice of Removal of this action from the Circuit Court of the Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 USC § § 1332, 1441 and 1446, states as follows:

## I. PROCEDURAL HISTORY

1. On July 1, 2021, Plaintiffs, Lalbhai Patel and Beena Hair Salon, Inc. filed a lawsuit in the Law Division of the Circuit Court of the Cook County, Illinois, against Defendants, Stac Bizness Solutions LLC ("Stac") and Shawna Aho ("Aho"). The suit contains a cause of action for negligence and a cause of action under the Illinois Franchise Disclosure Act. (The Complaint is attached hereto as Exhibit A).

2. The instant Notice of Removal was timely filed pursuant to 28 U.S.C. §§ 1446 (b), as it was filed within 30 days after Defendants waived service on July 26, 2021.

## II. REMOVAL IS PROPER AS THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 USC § 1332 (a)

3. The party invoking federal diversity jurisdiction assumes the burden of demonstrating that both the complete diversity and amount in controversy requirements are met. *Jennings v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 2003 U.S. Dist. LEXIS 17710, at * 7 (N.D. Ill. Oct. 2, 2003). This Court has diversity jurisdiction pursuant to 28 U.S.C. § § 1332(a) because this is a civil action in which the properly joined parties are citizens of different states and because the amount in controversy exceeds $75,000.

4. Plaintiff, Lalbhai Patel, is an individual residing in Illinois and Plaintiff, Beena Hair Salon, Inc. is a limited liability company wholly owned by Lalbhai Patel and organized under Illinois law. (*See* Ex. A, ¶ ¶ 4, 5). Defendant, Stac, is a limited liability corporation organized under the laws of the state of Texas with a principal place of business in the Woodlands, Montgomery County, Texas. (*Id*. ¶ 6). Defendant, Aho, is a member of Stac and resides in Texas. (*Id*. ¶ 7). Thus, complete diversity is present.

5. "In removal cases, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed." *Cunningham v. Manpower Professional Services*, 2008 U.S. Dist. LEXIS 21074, at *4-5 (S.D. Ill. Mar. 18, 2008). Here, Plaintiffs' Complaint clearly established the amount in controversy exceeds $75,000.

6. Plaintiff's Negligence and Illinois Franchise Disclosure Act claim both seek an award "in excess of $50,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances." (Ex. A., pp. 8-10). As such, Plaintiff's prayers for relief establish that over $100,000 in damages is sought. Even if Plaintiff claims $50,000 is the total amount of damages sought, the expansive requests for relief and contents of the Complaint establish that the amount in controversy exceeds the federal threshold.

7. In *Cunningham v. Manpower Prof'l Servs.*, the court, in holding that diversity jurisdiction was met, found the prayer for relief, which requested $50,000 in damages, weighed in favor of concluding that the plaintiff stood to gain more than $75,000. 2008 U.S. Dist. LEXIS 21074, *7 (S.D. Ill. Mar. 18, 2008). The court recognized that it did not have firm numbers as to the claimed damages, but held that substantial damages were clearly at issue and that the prayer for relief seeking "an amount in excess of $50,000" and for "such other relief as this Court may deem just and proper" was expansive. *Id*. at 1-2, 7.

8. The same conclusion must be reached in the instant action. Plaintiff has made two requests for relief for an amount in excess of $50,000 to be detersmined at trial and for any and all other relief necessary.

9. Furthermore, the court in *Cunningham* looked to the allegations concerning lost wages, benefits and "such other relief as this Court may deem just and proper" made in the complaint in determining that damages likely exceeded $75,000. *Id*. at 7-8. The same is true in the instant action. Plaintiffs allege that Defendants misrepresented the profitability of certain franchises by picking figures that would "erroneously indicate the franchises were very profitable with total revenues in excess of $260,000 and the franchisees could earn profits in excess of $80,000." (Ex A. ¶¶ 43-45). Plaintiffs allege that they invested time and money into the franchises based on the promise of over $500,000 in profits per franchise. (*Id*. ¶ 52). Finally, Plaintiffs claim that the franchises purchased by Plaintiffs were "huge failures, some with no profits and all with substantial losses." (*Id*. ¶ 49).

10. The allegations of the Complaint undoubtedly lead to the conclusion that Plaintiffs stand to win more than $75,000 if they prevail in the instant action. This is clearly indicated by the

allegation that Plaintiff suffered substantial losses but expected to earn profits between $80,000 and $500,000 dollars. (Ex A. ¶¶ 43-45, 49). Thus, the amount in controversy exceeds $75,000.

11. Venue is proper pursuant to 28 U.S.C. §1441(a). This action was originally filed in the Circuit Court of Cook County, Illinois and the United States District Court for the Northern District of Illinois (Eastern Division) is the district and division embracing the place where such action is pending.

12. Promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiffs and will file a copy of the Notice with the Clerk of the Circuit Court of Cook County, Illinois, Law Division.

13. Defendants deny that they are subject to the state of Illinois' personal jurisdiction and do not waive any objection they may have to personal jurisdiction by filing the instant Notice of Removal. *See Pierson v. National Institute for Labor Rels. Research*, 2016 U.S. Dist. LEXIS 144002 (N.D. Ill. Oct. 17, 2016) holding "[i]n petitioning for removal of a state-court action to federal district court, a defendant does not waive any objection he may have regarding personal jurisdiction" *citing Allen v. Ferguson*, 791 F.2d 611 (7th Cir. 1986).

WHEREFORE, Stac Bizness Solutions LLC and Shawna Aho respectfully requests that the above described cause of action pending in the Law Division of the Circuit Court of Cook County, Illinois, be removed therefrom to the United States District Court for the Northern District of Illinois, Eastern Division, and that this cause proceed in this Court as an action properly removed thereto.

/s/Paige M. Neel
CLAUSEN MILLER P.C.

7506224.1

PAIGE M. NEEL – 6279324
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
312.855.1010
FAX: 312.606.7777
pneel@clausen.com
*Attorneys for Defendants*

7506224.1