**Exhibit A**

FILED
7/1/2021 10:39 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13892048

FILED DATE: 7/1/2021 10:39 AM   2021L006735

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LALBHAI PATEL and )
BEENA HAIR SALON, INC ., )
)
　　　Plaintiffs, )
)
　　　v. )  Case No.   2021L006735
)
STAC BIZNESS SOLUTIONS LLC and )  JURY TRIAL DEMANDED
SHAWNA AHO )
)
　　　Defendants. )

## COMPLAINT

Plaintiffs LALBHAI PATEL and BEENA HAIR SALON, INC., by and through their undersigned attorneys LOFTUS & EISENBERG, LTD., complain against, Defendant, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO as follows:

**I.     INTRODUCTION**

1.     Seva Beauty, LLC ("Seva"), is a franchisor of the "Seva Beauty" system of fast casual spas throughout the nation. Defendants present the "Seva Beauty" franchise as a no-lose investment opportunity for significant passive income when, in reality, the business model is a no-win fiasco, with the exception of a select few experienced retailers who have no need for franchise support.

2.     Stac Biziness ("Stac") is a bookkeeping firm whose principal Shawna Aho ("Aho") has a degree in accounting. Stac was employed by Seva at all times relevant hereto functioning as its chief financial officer and personally prepared Seva's disclosures used to sell franchises.

3.     The disclosures prepared by Stac and used as the cornerstone of Seva's sales pitch were woefully incorrect and the negligence in preparation of this statements was the root cause of Plaintiffs being induced to purchase Seva franchises.

FILED DATE: 7/1/2021 10:39 AM   2021L006735

## II.     PARTIES

4.      Plaintiff Lalbhai Patel is an individual residing in Illinois.

5.      Plaintiff Beena Hair Salon, Inc. is a limited liability company organized under Illinois law and wholly owned by Lalbhai Patel.

6.      Defendant, STAC Bizness Solutions, LLC ("STAC") is, and at all times relevant to this action has been, a bookkeeping and payroll services company, with its principal place of business in The Woodlands, Texas. STAC performed bookkeeping and accounting services for Seva.

7.      Defendant, Shawna Aho ("Aho") is, and at all times relevant to this action has been, the Owner of STAC, with her principal place of business in The Woodlands, Texas. Aho, as Owner of STAC, performed bookkeeping and accounting services for Seva.

## III.    JURISDICTION AND VENUE

8.      Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over all Defendants because Defendants committed the tortious acts complained of in Cook County, Illinois.

9.      Venue in this county is proper pursuant to 735 ILCS 5/2-101, because the acts and omissions complained of occurred in this county. Defendants purposely availed themselves of jurisdiction in Cook County by selling franchises to Cook County residents, directing phone, email, and letter correspondence to potential franchisees in Cook County, and making oral misrepresentations to potential franchisees here.

FILED DATE: 7/1/2021 10:39 AM   2021L006735

**IV.    FACTS COMMON TO ALL COUNTS**

10.    Seva sells "fast-casual spa" franchises that provide brow-shaping, facial "threading," lash extensions, facial treatments, and various forms of skincare and similar treatments.

11.    Plaintiffs purchased a franchise from Seva (the "Franchises") and started operations in 2016.

12.    Plaintiffs each relied on a Franchise Disclosure Document ("FDD") including an Item 19 financial disclosure that was drafted by Defendants.

13.    FDDs are a heavily regulated disclosure intended to provide prospective franchisees with accurate information regarding the franchise they are purchasing.

14.    The FTC Rules, 16 CFR 436.5, provides in pertinent part: "If the franchisor makes any financial performance representation to prospective franchisees, the franchisor must have a reasonable basis and written substantiation for the representation at the time the representation is made and must state the representation in the Item 19 disclosure."

15.    Financial performance representations as contained in Item 19 of an FDD are one of the most important parts of such a document and can form a critical factor in the decision of a prospective franchisee to purchase or not purchase a franchise. Most franchisees place great store on reported results (whether gross sales, income or otherwise) contained in a formal document and will assume that the results reported are a fair presentation of past performance, have been prepared responsibly and are not misleading.

16.    However, if those results have been prepared or presented negligently and are misleading, the prospective franchisee is at risk of having made a seriously erroneous decision to invest in the franchised business and might be faced with loss of his or her investment.

FILED DATE: 7/1/2021 10:39 AM    2021L006735

17.     Franchisors are prohibited from "cherry-picking" there best performing outlets for inclusion in the Item 19 disclosure. In the Statement of Basis and Purpose issued by the FTC when it amended the FTC Rule in 2007, the FTC noted its efforts to prevent cherry-picking the top performers and the standard of care requires that if a franchisor discloses data from its best performing outlets, it must provide a corresponding sample of the worst performing outlets

18.     Note also that reported results may be mathematically accurate but still not a fair representation of units' past performance and could therefore be seriously misleading.

19.     The FTC has determined that "one of the most frequent abuses occurring in the marketing of franchises is the use of deceptive past and potential franchise sales, income, and profit claims. Indeed, the Commission stated that the "use of deceptive and inaccurate profit and loss statements by franchisors has resulted in a legion of 'horror stories'" and that "misleading financial performance claims are the most common allegation in Commission franchise law enforcement actions."

20.     In general, a franchisor may make an FPR based on a subset of outlets but only if the FPR based on the subset (a) has a reasonable basis, (b) is accurate, and (c) is not misleading.

21.     Defendant was retained as Seva's bookkeepers and were also retained directly by numerous Seva franchisees.

22.     Stac was retained by Seva on a flat fee and Aho functioned as the firm's chief financial officer handling all of its financial matters.

23.     Stac also worked directly for countless Seva franchises but concealed that Stac also worked for the franchisor.

FILED DATE: 7/1/2021 10:39 AM    2021L006735

24.     Stac and Aho worked closely with countless calls, emails, and video calls with individuals in Cook County and Lake County Illinois when performing the negligent act and omissions described herein.

25.     Stac and Aho were contracted with Seva pursuant to an agreement executed in Cook or Lake County.

26.     Seva would transmit financial documents received by Franchisees in Illinois and sent them to Stac to review and compile and Stac then return its compilations at issue here to Illinois.

27.     Seva was at all time relevant hereto headquartered in Illinois.

28.     The franchise disclosures co-authored by Defendants were issued from Illinois and registered in Illinois.

29.     The final bookkeeping work product of Stac, the Item 19 Disclosure, was delivered to Plaintiff in Illinois where they reviewed and utilized the bookeeping thus the misrepresentation occurred in Illinois.

30.     Defendants had no knowledge or expertise in franchise law but did know they were creating something that would be relied on by hundreds of franchisees when choosing to invest hundreds of thousands of dollars.

31.     Defendants were tasked with preparing the Item 19 FDD disclosure for Seva for the FDD's relied on by Plaintiffs when purchasing a franchise between 2014 and 2017.

32.     Defendants were given a sample Item 19 from a similar franchise and directed by Seva to prepare a similar disclosure based on financial documents of franchises given to Defendants.

FILED DATE: 7/1/2021 10:39 AM   2021L006735

33.     Despite having no base of knowledge of franchise law, Aho accepted the assignment and proceeded to prepare the Item 19 disclosures.

34.     Defendants knew the Item 19 disclosure was going to be given to Plaintiffs in Illinois to induce them to purchase franchises.

35.     Defendants knew Plaintiffs would rely on the information contained in the Item 19 disclosure prepared by Stacc.

36.     Defendants participated in a conference for Seva Beauty in Chicago, Illinois on August 14, 2017 and met with many franchisees in Illinois.

37.     Defendants knew their calculations included in the FDD would be distributed to franchisees and potential franchisees in Illinois.

38.     Defendants knew Seva had franchisees in Illinois at the time the Item 19 disclosures were drafted.

39.     Defendants knew that anyone buying a franchise in Illinois would suffer harms in Illinois if the representations were not accurate.

40.     Defendants knew the disclosures needed to provide an accurate representation of the success, or in this case, failure of Seva franchises.

41.     Aho offered to Seva to prepare disclosures limited to only the most profitable stores and prepared several draft groupings of successful franchises to include in the Item 19.

42.     Defendants completed a disclosure limited to the most profitable stores knowing that it would not be an accurate representation of Seva's franchise system for the purpose of inducing Illinois residents into purchasing a Seva Franchise.

43.     Defendants cherry-picked the most profitable stores to include in the Item 19 disclosure in order to improve Seva's marking efforts.

FILED DATE: 7/1/2021 10:39 AM    2021L006735

44.    Aho stated in an email to Seva's President: "Once I run the total P&L numbers, I want to only use the stores on Item 19 that result in the highest profit numbers" and "I added eight studios to the report and it lowered the cash flow to 84,000. So I would like to drop several of those locations and just run the Item 19 with a total of ten studios to get the cash flow up to 104,000."

45.    The Item 19 disclosures drafted by Defendant erroneously indicated that the franchises were very profitable with total revenues in excess of $260,000 and that franchisees could earn profits in excess of $80,000.

46.    The disclosures negligently prepared by Defendant were limited to a tiny handful of less than 10% of the stores limited to the most profitable in direct violation of controlling regulations and the standard of care for anyone preparing an Item 19 disclosure.

47.    In reality the franchises during the relevant time period earned less than half the gross revenues of what was represented in Stac's disclosure and few earned any profits.

48.    Controlling regulations and the standard of care for individuals preparing an Item 19 Disclosure required the disclosure of an accurate sampling of stores rather than cherry-picking the most profitable as done by Defendants.

49.    The Franchises purchased by Plaintiffs were huge failures, some with no profits and all with substantial losses.

50.    Plaintiffs in fact relied on the FDD Item 19 disclosures prepared by Defendant when choosing to purchase a Seva Franchise in Illinois.

51.    Were it not for the Item 19 disclosures Plaintiffs would not have purchased the franchise in Illinois and suffered losses.

FILED DATE: 7/1/2021 10:39 AM   2021L006735

52.     Plaintiffs invested their time and money into Seva's offer communicated in their FDD transmitted to them to and from Illinois based on the promise of over $500,000 in profits per franchise earned in Illinois.

53.     Stac and Aho concealed their involvement in drafting the Item 19 disclosure from Plaintiffs. Their direct involvement in drafting the Item was not discovered by Plaintiffs until on or about November 4, 2020.

## V.     CLAIMS

### COUNT I
### *Negligence*

54.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 53 of the Complaint as Paragraph 54 of Count I of the Complaint as though fully set forth herein.

55.     Stac and Aho owed plaintiffs a duty to prevent foreseeable harm where they had actual knowledge that Plaintiffs would be relying on the representations made in the Item 19 disclosures prepared.

56.     Stac and Aho breached their duty of ordinary care by:

   a.   Violating FTC Rules by preparing a misleading Item 19 Disclosure;

   b.   Disregarding readily available facts when preparing a disclosure they knew Plaintiffs' would rely on when buying a franchise;

   c.   Limiting the Item 19 disclosures to profitable stores despite actual knowledge that Plaintiffs would rely on the representations they made; and

   d.   Was otherwise carless and negligent as alleged herein.

57.     As a direct and proximate result of Stac's breaches of duty as detailed herein, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

FILED DATE: 7/1/2021 10:39 AM    2021L006735

WHEREFORE, Plaintiffs, respectfully request an award against Defendant, STAC BIZNESS SOLUTIONS LLC in an amount in excess of $50,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

## COUNT II
### *Illinois Franchise Disclosure Act*

58.    Claimant repeats and realleges the allegations contained in Paragraphs 1 through 53 of the Complaint as Paragraph 58 of Count II of the Complaint as though fully set forth herein.

59.    The IFDA, 815 ILCS 705, *et. seq*. provides that a franchisor may not "(a) employ any device, scheme, or artifice to defraud; (b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or (c) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." 815 ILCS 705/6.

60.    The IFDA provides, 815 ILCS 705/26:

Every person who directly or indirectly controls a person liable under this Section 26, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every manager of a limited liability company so liable, **every person occupying a similar status or performing similar functions**, **and every employee of a person so liable, who materially aids in the act or transaction constituting the violation, is also liable jointly and severally with and to the same extent as such person,** unless said person who otherwise is liable had no knowledge or reasonable basis to have knowledge of the facts, acts or transactions constituting the alleged violation.

(Emphasis Added)

61. Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

FILED DATE: 7/1/2021 10:39 AM   2021L006735

62.     Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in Illinois  and directed at Plaintiffs but only included the most profitable franchises.

63.     Aho intended for Plaintiffs to rely on her deceptive practices and induced them to purchase a franchise and related services including bookkeeping services from Stac. Respondents' deception occurred during the marketing and sale of Respondents' business and related services in the course of trade and commerce in the state of Illinois. As a result of Respondents' violations of the IFDA as described herein, Claimant have been harmed and suffered actual damages and injury-in-fact caused by Respondents' deception.

WHEREFORE, Plaintiffs, respectfully request an award against Defendant, STAC BIZNESS SOLUTIONS LLC, in an amount in excess of $50,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

Respectfully submitted,
**LALBHAI PATEL and**
**BEENA HAIR SALON, INC**
Plaintiffs

By:_____*/s/ Alexander N. Loftus*_____
         One of Their Attorneys

Alexander Loftus, Esq.
David A. Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

Dated:  July 1, 2021

10